UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 401 |
| v. | ) | Hon. Martin C. Ashman |
| | ) | |
| ISAIAH HICKS, et. al. | ) | |
| | ) | |

## GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, Eastern Division, hereby moves this Court for a protective order relating to the disclosure of certain reports and materials to the defense.

In support of this motion, the government states as follows:

1.      On or about May 21, 2008, multiple defendants were arrested pursuant to arrest warrants issued in the above-referenced case.  The arrests followed an investigation which included the interception of certain wire communications pursuant to orders issued by the Chief Judge or Acting Chief Judge in accordance with Title 18, United States Code, Section 2518, on or about January 17, 2008, February 25, 2008, March 25, 2008, and April 23, 2008.

2.      Under Title 18, United States Code, § 2518(9), the contents of intercepted wire communications shall not be disclosed at a hearing unless each party has been provided with a copy of the court order and the accompanying applications and affidavits under which the interception was made.  On May 30, 2008, the government produced to the defense copies of the sealed applications, affidavits and orders dated January 17, 2008, February 25, 2008, March 25, 2008, and April 23, 2008.   Use of those applications, affidavits and orders are subject to a protective order this Court (Magistrate Judge Nan R. Nolan) issued on that date.

3.      In providing additional pre-indictment discovery in this matter, the government intends to produce reports and other investigative materials including reports and other materials related to the intercepted wire communications and other aspects of the investigation.   These materials contain sensitive information, the disclosure of which would have a detrimental impact on

the government's continuing investigation.    Therefore, the government intends to redact certain information from these materials prior to their disclosure to the defense.

4.    The government requests the Court to direct that any of the materials that may be turned over in connection with this matter, be subject to the following conditions: (a) that the materials be used solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding; (b) that the materials shall not be disclosed either directly or indirectly to any person or entity other than defendant, defendant's counsel, persons employed to assist in the defense, or such other persons as to whom the Court may authorize disclosure; (c) that any notes or records of any kind that defendant or defense counsel may make relating to the contents of the materials shall not be disclosed to anyone other than the defendant, defense counsel, and persons employed to assist the defense, or such other person as to whom the Court may authorize disclosure; (d) that any copies of the materials made by defendant or defendant's counsel shall be treated as set forth above; and (e) that violation of this Order may result in the imposition of civil and criminal sanctions.    However, the restrictions set forth in the requested protective order should not apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

5.    The need for a proposed protective order arises from the significant constraints imposed by the federal wiretap statute, 18 U.S.C. §§ 2510-2520, on the disclosure and use of electronic surveillance information.    Subsumed in these constraints and, indeed, the driving force behind them, is the protection of the privacy interests of persons including third parties who were intercepted in the electronic surveillance but whom not have been charged.    Although the wiretap materials are being disclosed to the defendants in accordance with 18 U.S.C. § 2518(9), they otherwise remain under seal pursuant to 18 U.S.C. § 2518(8)(b).    These materials may be further disclosed only "upon a showing of good cause before a judge of competent jurisdiction."    18 U.S.C. § 2518(8)(b); *In re Applications of Kansas City Star*, 666 F.2d 1168, 1175-76 (8th Cir. 1981) (observing that the district

court's order which barred defendant and his attorneys from disclosing wiretap applications, orders and intercepted conversations was "highly appropriate considering the 'privacy of other people'" and noting that the good cause requirement of the statute called for consideration by the courts of the privacy interests of third parties which might be affected by the disclosure).  In addition, the government's investigation of the defendants and others is continuing.  The government has legitimate law enforcement interests in preserving the confidentiality of its sources, the safety and integrity of its witnesses, the privacy of individuals involved in its investigations, and preventing interference with its investigations.  Disclosure of the information provided to the defendants in discovery (including recorded conversations and other Title III materials, as well as any other reports or materials that are turned over) could have an obvious detrimental impact on that investigation and a chilling effect on its confidential sources of information.  Accordingly, the government is requesting this protective order to prevent unnecessary and unwarranted dissemination of such discovery materials.

WHEREFORE, the government respectfully moves this Court for an order directing that the materials provided to defense be subject to a protective order as described above.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney


By:     /s/ Sharon R. Fairley
SHARON R. FAIRLEY
Assistant United States Attorney
219 South Dearborn Street, Suite 500
Chicago, Illinois 60604
312-353-0951

3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 401 |
| v. | ) | Hon. Martin C. Ashman |
| | ) | |
| ISAIAH HICKS, et. al. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

The undersigned Assistant United States Attorney hereby certifies that, on June 5, 2008, in accordance with Fed. R. Crim. P. 49, Fed. R. Civ. P. 5, L.R. 5.5, and the General Order on Electronic Case Filing (ECF), the following document:

### GOVERNMENT'S MOTION FOR A PROTECTIVE ORDER

was served pursuant to the district court's ECF system as to all ECF filers, and by facsimile and first-class mail to non-ECF filers, if any.

Respectfully submitted,
PATRICK J. FITZGERALD
United States Attorney

By: /s/ Sharon R. Fairley
SHARON R. FAIRLEY
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, IL 60604
(312) 353-0951

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 08 CR 401 |
| v. | ) | Hon. Martin C. Ashman |
| | ) | |
| ISAIAH HICKS, et. al. | ) | |
| | ) | |

**O R D E R**

Upon the motion of the United States for a protective order, it is hereby ordered as follows:

1.      All materials related to the interception of wire communications authorized by order of this Court on January 17, 2008, February 25, 2008, March 25, 2008, and April 25, 2008, produced by the government in connection with this case, and all other investigative materials and reports disclosed by the government in original or redacted form, may be utilized by the charged defendants and their counsel solely in connection with the defense of this case and for no other purpose and in connection with no other proceeding.  The materials and their contents, and any notes, records or copies of any kind that defense counsel or the charged defendants may make relating to the contents of materials provided by the government shall not be disclosed either directly or indirectly, verbally or in writing, to any person or entity other than the charged defendants, their counsel, such other persons as are reasonably employed by them as may be necessary to prepare a defense, or such other persons as to whom the Court may authorize disclosure.  These restrictions do no apply to documents or materials that are public record, including, but not limited to, transcripts of proceedings; documents, recordings and other materials that have been received in evidence at public hearings or proceedings; or documents or materials that are otherwise in the public domain.

2.      Intentional violation of this Order is punishable as a contempt, and may result in the

imposition of civil and criminal sanctions.  However, nothing contained in this protective order shall

preclude any party from applying to the Court for further relief or for modification of any provision

hereof.

E N T E R:

_____

Martin C. Ashman
United States Magistrate Judge

_____
DATE